IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL CABALLERO, #R40192,<br><br>      Plaintiff,<br><br>v.<br><br>LAWRENCE CORRECTIONAL CENTER, JOHN/JANE DOES, and TRAN,<br><br>      Defendants. | Case No. 23-cv-02906-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Paul Caballero, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that around November 26, 2022, he began experiencing excruciating and severe tooth pain after a filling fell out of his tooth. (Doc. 1, p. 7, 8). Plaintiff informed Correctional Officer Crawford of his pain, and Crawford contacted the health care unit. (*Id.* at p. 8). Plaintiff informed Sergeant Fitzgerald that the pain was causing him psychological trauma, and Fitzgerald

called for a crisis team. (*Id.*). Plaintiff was not seen by a dentist and continued to write requests to the health care unit in December, at least one per week. (*Id.*). At some point, Plaintiff yelled for a med-tech and "summoned prison officials for assistance" using the buzzer in his cell. (*Id.* at p. 9). Plaintiff was only given Tylenol. (*Id.*).

Plaintiff was issued a call pass to be seen by a dentist on January 17, 2023, but the call pass was suddenly canceled. (Doc. 1, p. 10). In addition to his tooth pain, Plaintiff was experiencing migraines, dizziness, sleep deprivation, and psychological trauma. He continued to write requests for an appointment to the health care unit and speak to nurses about his dental condition. (*Id.*).

Plaintiff had an appointment with dentist, Dr. Tran, on January 31, 2023. (Doc. 1, p. 10). Dr. Tran determined that his tooth's condition had deteriorated, and the tooth needed to be extracted. It could not be filled or saved. (*Id.*). In extracting the tooth, Dr. Tran fractured the adjacent tooth. (*Id.* at p. 11). Rather than treat the injured tooth, Dr. Tran said that Plaintiff was being a "crybaby" and discharged Plaintiff from further care. Plaintiff submitted requests for a follow-up visit because the newly damaged tooth was now causing him pain, but he was never called to see a dentist. (*Id.*).

Plaintiff was scheduled to see the dentist on February 23, February 27, March 1, and March 6, 2023, but the visits were all canceled. (Doc. 1, p. 12). Plaintiff has lost weight because it is difficult for him to eat, and he continues to suffer from tooth pain, migraines, and dizziness. (*Id.* at p. 14).

## PRELIMINARY DISMISSAL

The Court first dismisses Lawrence Correctional Center as a defendant. A correctional facility is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive

relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regul.*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Tran for providing Plaintiff inadequate dental care.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against John and Jane Doe Correctional Officers and Staff for cancelling his dental appointments without any explanation.
>
> **Count 3:** State law negligence claim against Tran for providing Plaintiff inadequate dental care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 2

Eighth Amendment claims of deliberate indifference must satisfy two requirements to survive preliminary review. A plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quoting *Perez v. Fenoglio*, 792 F.3d 786, 776 (7th Cir. 2015)). Both components are satisfied here as to Dr. Tran, and Count 1 will proceed.

Count 2 will be dismissed, however, as to the John and Jane Does. Plaintiff claims that the John and Jane Does, described as correctional officers and staff, exercised deliberate indifference

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

by cancelling his call passes for dental appointments from November 26, 2022, through January 31, 23, with no explanation, preventing his treatment. (Doc. 1, p. 14-15). While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. He does not sufficiently describe the unknown defendants or identify particular acts or omissions by any specific individuals who allegedly violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Accordingly, Count 2 is dismissed without prejudice.

## Count 3

The Court will exercise supplemental jurisdiction over Count 3.[2] *See* 28 U.S.C. § 1367. In order to bring a negligence claim under Illinois law, a plaintiff must set forth allegations suggesting that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citation omitted). Plaintiff's allegations are sufficient to support a medical negligence claim against Dr. Tran, and Count 3 will proceed.

The Court notes that Plaintiff has not provided the affidavit and medical report required by 735 ILCS § 5/2-622, which provides that a medical negligence claim be supported with an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim and a physician's report that complies with the requirements of the statute. Plaintiff's omission of these documents is not dispositive of his claim at screening. However, they must be submitted to survive

---

[2] In a case containing federal and state law claims, a district court may exercise supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's allegations of negligence derive from the same facts as his federal constitutional claim.

summary judgment. *See Young v. United States,* 942 F.3d 349, 351-52 (7th Cir. 2019).

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **3** will proceed against Tran. **COUNT 2** is **DISMISSED without prejudice**. All claims against Lawrence Correctional Center and John/Jane Does are **DISMISSED**, and the Clerk of Court shall **TERMINATE** them as defendants on the docket.

Because Plaintiff's claims involve inadequate medical care, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Tran the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 27, 2024

 s/Stephen P. McGlynn
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.